UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD J. BOWDEN,

        Petitioner,

    v.

M.E. SPEARMAN,

        Respondent.

                                /

No. C 15-5305 EDL (PR)

**ORDER OF DISMISSAL**

Petitioner, a California state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons stated below, petitioner's petition is DISMISSED.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

**B.    Legal Claims**

Petitioner argues that he has been classified as "P-VIO." Petitioner does not explain

what "P-VIO" stands for, but, from Petitioner's papers, it seems the classification somehow designated Petitioner as being "violent." Petitioner disputes that the "P-VIO" designation is accurate, and requests dismissal of the designation. When Petitioner received the "P-VIO" designation, he was moved from Level I housing status into a more restrictive facility because the CDCR determined that Petitioner was "too violent" to remain in Level I.

However, the petition does not attempt to challenge either the Petitioner's underlying conviction, or the length of his sentence. Petitioner challenges the "P-VIO" designation, and wishes for it to be removed. Success in this action would not result in Petitioner's release or any change in his sentence. The Ninth Circuit has concluded that an inmate may bring a habeas action only if success on the claim would "necessarily spell speedier release." *Nettles v. Grounds*, 788 F.3d 992, 1000 (9th Cir. 2015). Habeas relief is therefore proper when an inmate is seeking "termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." *Id.* at 1007. Here, even if Petitioner were to successfully litigate this claim, it would not terminate his custody, necessarily accelerate the future date of his release from custody, or reduce his level of custody. *See id.* at 1001.

In *Nettles*, the Ninth Circuit made a clear distinction between inmates who were seeking expungement of an incident from his disciplinary record when that would lead to a speedier release from segregation, and inmates who "merely seek a different program of location or environment." *Nettles*, 788 F.3d at 1005. Inmates in the former scenario raise a cognizable habeas claim for relief. Inmates in the latter scenario have not. *Id.* This is true "even if the program or location or environment that he is challenging is more restrictive than the alternative he seeks." *Id.* To raise a cognizable claim on habeas, a prisoner must seek a "quantum change in the level of custody, such as the release from disciplinary segregation into the general population, or release from prison on bond, parole, or probation." *Id.* at 1005. Here, although it appears Petitioner is seeking a less restrictive program or housing, Petitioner does not seek the "quantum change in the level of custody,"

2

as described by *Nettles* that is required before a federal court may entertain his claims on habeas.  Thus, habeas jurisdiction is absent in this case.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the court declines to do so here.  The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here.  Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.  Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee of $400.00 rather than the $5.00 habeas filing fee to pursue his claims.  The habeas versus civil rights distinction is not just a matter of using different pleading forms.  It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

Petitioner is advised that his claims should be brought, if at all, in a federal civil rights action, pursuant to 42 U.S.C. § 1983. Thus, Petitioner's claim is dismissed without prejudice.  Petitioner may raise the claim by initiating a new federal civil right action.

## CONCLUSION

1. The petition is **DISMISSED** for the reasons set out above.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

1  The clerk shall terminate all pending motions and close the file.

2  **IT IS SO ORDERED.**

3  Dated: January 28, 2016


ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\HC.15\Bowden305.dsm.wpd