DANIEL ROBERT BARTLEY (SBN 79586)
BARTLEY LAW OFFICES
Pruneyard Towers – South Tower
1999 South Bascom Avenue, Suite 700
Campbell, CA 95008-2205
Main Telephone 408-879-2643
Attorney Direct Telephone 415-847-2060
Attorney Fax 415-842-0300
E-mail DanielBartleyLaw@aol.com

Attorneys for Deborah Cullen, Relator

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| UNITED STATES and STATE OF CALIFORNIA ex rel. DEBORAH CULLEN, <br><br>                 Plaintiffs, <br><br> vs. <br><br> ASSOCIATION OF BEHAVIOR CONSULTANTS, WILLIAM J. PALYO, and DOES 1-20, <br><br>                 Defendants. <br><br> <u>and</u> <br><br><br> ASSOCIATION OF BEHAVIOR CONSULTANTS and WILLIAM J. PALYO, <br><br>                 Cross-Plaintiffs, <br><br> vs. <br><br> DEBORAH CULLEN, <br><br>                 Cross-Defendant. <br><br> _____ | *  Case No. 15-cv-01188-EDL <br> * <br> *  **RELATOR DEBORAH CULLEN'S** <br> *  **MEMORANDUM OF POINTS AND** <br> *  **AUTHORITIES IN SUPPORT OF** <br> *  **RELATOR'S MOTION TO STRIKE** <br> *  **THE CROSS-COMPLAINT OF** <br> *  **DEFENDANTS AND CROSS-** <br> *  **PLAINTIFFS ASSOCIATION OF** <br> *  **BEHAVIOR CONSULTANTS AND** <br> *  **WILLIAM J. PALYO, PURSUANT TO** <br> *  **THE CALIFORNIA ANTI-SLAPP** <br> *  **STATUTE, CALIFORNIA CODE CIV.** <br> *  **PROC. § 425.16** <br> * <br> * <br> * <br> *  Judge:      Hon. Elizabeth D. Laporte <br> *  Date:       May 9, 2017, Tuesday <br> *  Time:       9:00 A.M. <br> *  Place        U.S. Courthouse <br> *                    450 Golden Gate Avenue <br> *                    15th Floor, Courtroom E <br> *                    San Francisco, CA 94102 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*United States ex rel. Cullen v. Ass'n of Behavior Consultants,* Case No.15-cv-01188-EDL

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.       GENERAL LAW ON AN ANTI-SLAPP MOTION IN U.S. DISTRICT COURT . . . . . 6

II.      DEFENDANTS' COUNTERCLAIM VIOLATES THE ANTI-SLAPP STATUTE . . . . 8

         A.       Relator's *Qui Tam* Lawsuit Is Protected Free Speech . . . . . . . . . . . . . . . . . . . . . 8

         B.       Defendants' Counterclaim Has No Probability of Prevailing on the Merits . . . . 8

III.     THE CALIFORNIA ANTI-SLAPP STATUTE ENTITLES THE PREVAILING
         MOVING PARTY TO RECOVER ATTORNEY FEES AND COSTS . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**Federal Cases**

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United Tactical Systems v. Real Action Paintball*, 143 F.Supp.3d 982 (ND Cal 2015) . . . . . . . 6

*In re NCAA Student – Athlete Name & Likeness Licensing Litigation*, 724 F.3d 1268
    (9th Cir.2013), *cert. dismissed sub nom.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Electronic Arts, Inc. v. Keller*,135 S.Ct. 42 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir.2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir.2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590 (9th Cir.2010) . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States ex rel. Green v. Northrop Corp.*, 59 F.3d 953 (9th Cir. 1995) . . . . . . . . . . . . . . . 10

*United States ex rel. Hall v. Teledyne*, 104 F.3d 230 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 10

**California Cases**

*Cullen v. Association of Behavior Consultants*, Sonoma Superior Court
    Case No. SCV 256863 ("the state court case" alleging personal
    employment claims) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Flatley v. Mauro*, 39 Cal.4th 299 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jarrow Formulas, Inc. v. LaMarche,* 31 Cal.4th 728 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kearney v. Foley & Lardner LLP*, 590 F.3d 638 (9th Cir.2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Linder v. Thrifty Oil Co.*, 23 Cal.4th 429 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Navellier v. Sletten*, 29 Cal.4th 82 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rusheen v. Cohen*, 37 Cal.4th 1048 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Sipple v. Found. for Nat'l Progress*, 71 Cal.App.4th 226 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Vargas v. City of Salinas*, 46 Cal.4th 1 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wilcox v. Sup. Ct.*, 27 Cal.App.4th 809 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

\\\

\\\

**Other Cases**

*Gordon v. Morrone*, 590 N.Y.S.2d 649 (N.Y. Sup. Ct. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Federal Statutes and Constitution**

31 U.S.C. §§ 3729, et seq. (Federal False Claims Act) ("FCA") . . . . . . . . . . . . . . . . . . . . . *passim*

31 U.S.C. § 3730 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,8

31 USC §3730(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,8,9

U.S. Constitution, 1st Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,6,7

**California Statutes and Constitution**

Cal. Civil C. § 1542 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Gov. C. §§ 12650 et seq. (California False Claims Act  ("CFCA") . . . . . . . . . . . . . . . *passim*

Cal. Code Civ. Proc. § 425.16 (California Anti-SLAPP Law) . . . . . . . . . . . . . . . . . . . . . *passim*

Cal. Civ. Proc. Code § 425.16(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cal. Code Civ. P. § 425.26(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cal. Gov. C. § 12652 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal. Gov. C. § 12653 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,8,9

Cal. Lab. C. § 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Lab. C.§ 203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Lab. C. § 1102.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authorities**

106 Cong. Rec. E1546-E1548 (1999) (statement of Congressman Howard Berman) . . . . . . . . 5

**INTRODUCTION**

This is a False Claims Act *qui tam* whistleblower action alleging billing fraud in violation of the Federal False Claims Act ("FCA")(31 U.S.C. §§ 3729, et seq.) and the California False Claims Act ("CFCA") (Cal. Gov. C. §§ 12650 et seq.). Pursuant to the California anti-SLAPP statute, Relator Cullen moves to strike Defendants' Counterclaim.

**SUMMARY OF ARGUMENT**

The Court should strike Defendants' Counterclaim because such is a SLAPP suit arising from Relator's protected activity in filing, funding, and prosecuting this FCA *qui tam* lawsuit. The Counterclaim is calculated to chill Cullen's constitutional rights of petition and free speech (U.S. Constitution, 1st Amendment, and California Constitution, Article 1, Section 1), and Defendants cannot demonstrate a probability of prevailing on their claims. Defendants have no viable claim of res judicata and collateral estoppel, because there is not an identity of claims and there is not identity or privity between parties. Further, the Settlement Agreement settling Cullen's individual and personal employment law claims against Defendants expressly excludes settlement of claims on behalf of the U.S. and the State of California. Finally, Defendants have no claim for indemnity, because the Settlement Agreement's boiler plate indemnification and hold harmless clause relied on by Defendants pertains to subrogation claims by those holding liens related to Cullen's personal claims in her state action.

**STATEMENT OF FACTS**

On March 12, 2015, on behalf of the U.S. and the State of California, Relator Deborah Cullen filed the Complaint in this *qui tam* action, under seal, against Association of Behavior Consultants ("ABC") and William J. Palyo. ABC provides behavior intervention developers and behavior intervention implementers to children with developmental disabilities and to autistic children. Such are services to families receiving MediCal for their children, and almost all of these individuals are Federal SSI and MediCal recipients. William Palyo, a former San Francisco police officer, is ABC's CEO and principal. For nearly 15 years, from May 1999 to February 2014, Relator Cullen was employed as a behavioral support specialist at ABC, doing hands-on work with disabled children. (*See* Complaint, ¶¶ 4-5, Dkt. *.)

On March 16, 2015, Cullen, in her individual and personal capacity, filed a Complaint in Sonoma Superior Court, Santa Rosa, California, Civil Action No. SCV 256863, alleging the following personal causes of action against ABC:  (1) Wrongful Termination in Violation of Public Policy; (2) Whistleblower Retaliation in Violation of Cal. Lab. C. § 1102.5;  (3) Whistle-blower Retaliation in Violation of Cal. Gov. C. § 12653; and (4) Failure to Pay Wages Owed, in Violation of Cal.  Lab. C. §§ 201 and 203.  (Bartley Decl, ¶ 3, Exh. A.)

On March 4, 2016, the parties and their respective counsel executed in such state court action a *first* "Settlement Agreement and General Release" only as to the Fourth Cause of Action, alleging failure to pay wages owed.  (Bartley Decl., ¶ 4, Exh. B.)  Such Agreement, at Section 4, makes clear that it applies only to Cullen's Fourth Cause of Action and absolutely nothing else.  Further, such Agreement, at Section 11, sets forth a boiler-plate integration clause.

On September 14, 2016, the parties and their counsel in the state court action executed a *second* "Settlement Agreement and General Release," confidentially resolving the First, Second, and Third Causes of Action.  (*See* Bartley Decl., ¶ 5, Exh. C.)  Such Agreement contains the following release and discharge language, relevant and material to this action:

> 1.1  For the consideration set forth in Section 2.0, Plaintiff, DEBORAH CULLEN, for herself and her heirs, agents, estates, servants, successors, administrators, and assigns, hereby releases and forever discharges the Defendants, and anyone who may be liable for alleged events between Plaintiff and Defendants prior to the date of this agreement, including but not limited to their respective subsidiaries, parent corporations, principals, agents, owners, insurance carries, attorneys, employees, volunteers, employers, members, shareholders, partners, contractors, board members, and representatives, from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, loss of services, expenses, and compensa-tion of any nature whatsoever, whether based on tort, contract, or other theory of recovery, which the Plaintiff now has or which may hereafter accrue or otherwise may be acquired, on account of, or may in any way grow out of events involving Plaintiff and Defen-dant including those described in the action identified within Recital A above, including, but not limited to any and all known or unknown claims for property damage, and/or bodily and personal injuries to the Plaintiff, or any future claim of Plaintiff's represen-tatives or heirs, which have resulted or may result from the alleged acts or omissions of Defendants or others, including defendants' subsidiaries, parent corporations, principals, agents, owners, insur-ance carriers, employees, employers, attorneys, board members, and representatives
> . . .

1.5  Plaintiff expressly waives all rights she has, or may have, under Section 1542 of the Civil Code of California and similar laws of any state or territory of the United States or other jurisdictions.  Section 1542 of the Civil Code of California provides as follows:

> General Release – Claims Extinguished.  A general release does not extend to claims which the creditor does not know or expect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

1.6  This release specifically applies to any individual and/or representative claims of whistleblower retaliation pursuant to the Federal False Claims Act and the California False Claims Act (31 U.S.C. § 3730(h)) and the California False Claims Act (Cal. Gov. Code § 12653).  This Release does not extend to any claim or action, known or unknown, by the United States or the State of California, or to any reward paid by the United States or the State of California, pursuant to the Federal False Claims Act (31 U.S.C. §§ 3729 et seq.), the California False Claims Act (Cal. Gov. Code §§ 12650 et seq.), or any other federal or state statute or regulation whereby a government entity claims  entitlement to recover funds and pays to anyone a reward for such recovery.

. . .

4.1  Plaintiff represents and warrants that no person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, Plaintiff has the sole right and exclusive authority to execute the Settlement Agreement, and she has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

4.2  Plaintiff agrees to satisfy from the proceeds of this settlement and be solely responsible for any and all liens, rights of subrogation, defense claims, losses, liability, actions, damages, causes of action, judgments, costs and expenses, including attorney's fees, whatsoever asserted by, allegedly by or on behalf of, sustained by or arising from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits provider, health care provider, disability or insurance benefits provider, workers compensation provider, Medicare, Medicaid or any other entity arising in whole or in part out of the is [s.i.c.], or in any way connected to the action and its allegations.

4.3  As a further consideration and inducement for this settlement, plaintiff agrees to defend, indemnify, protect and hold the released parties harmless from any and all liens, rights of subrogation, indemnification claims, contribution claims, defense claims, losses, liability, actions, damages, causes of action, judgments, costs and expenses, including attorney's fees whatsoever

> made by or sustained by or arising from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits provider, workers compensation carrier, Medicare, Medicaid, Medi-Cal or any other entity arising in whole or in part out of the incident(s), or in any way connected to the allegations in this action.

The District Court on December 7, 2016, ordered this *qui tam* case unsealed. (Dkt. 15.) Prior to such order, Relator and Relator's counsel carefully honored the FCA requirement that they not disclose the *qui tam* case to anyone other than the government authorities. (Bartley Decl., ¶ 6.) On February 9, 2017, Defendants ABC and Palyo were served the unsealed *qui tam* Complaint. (Bartley Decl., ¶ 7.)

On March 2, 2017, prior to filing Defendants' Answer and Counterclaim, defense counsel emailed to Relator's counsel a letter demanding that Relator dismiss her *qui tam* Complaint:

> In follow up to our recent message, please be advised that our office has been retained as counsel by defendants Association of Behavioral Consultants ("ABC") and William J. Palyo regarding the above-entitled matter.
>
> Upon initial review, we believe Plaintiff's Complaint is barred by the settlement agreement and release of all claims Ms. Cullen executed in her Sonoma County Superior Court Case, Case No. SCV-256863. The parties and issues in the litigation are the same. See Paragraph 1.6 of the settlement agreement.
>
> In the present matter, the Federal record reflects both the United States of America and the State of California specifically elected *not* to intervene here. Setting aside the merits, Ms. Cullen's resulting individual and/or representative claims are of the sort contemplated by the settlement agreement and release of all claims; your client has already been specifically and fully compensated by that earlier suit and settlement.
>
> In short, Ms. Cullen's present Federal case is barred under principles of res judicata and collateral estoppel.
>
> We are requesting Ms. Cullen seek a dismissal of this case immediately. If plaintiff is unwilling to dismiss the case, please be advised we intend to pursue summary judgment posture and seek indemnity and recovery of damages against her, including Paragraph 4.5 [s.i.c., 4.3?] of the Settlement Agreement.

Bartley Decl. ¶ 8, Exh. D.

On March 3, 2017, Relator's counsel emailed a reply letter, reading as follows:

> This letter is in response to your March 2, 2017, letter emailed to me. You in such letter also make mention of a prior communication from you to me, but I do not have any record of having received any prior communication from you.

The law is well established in the 9th Circuit that a release of individual and personal claims, such as occurred in the settlement of *Cullen v. Association of Behavior Consultants*, Sonoma Superior Court Case No. SCV 256863, does not constitute a settlement and release of claims on behalf of the U.S. and the State of California; only the government entities can settle and release claims under the False Claims Act.  Consistent with this point, please see Section. 1.9 [s.i.c., 1.6] of the September 2016 Settlement Agreement.

Further, decisions by the United States and the State of California not to intervene in a qui tam case are not a reflection on the merits of the case.  In fact, very few meritorious cases result in government intervention.  The best explanation of this is reflected in an oft-cited comment by U.S. Congressman Harold Berman, one of the two sponsors of the 1986 Amendments to the False Claims Act:

> One of the principal goals of the 1986 Amendments was to ameliorate the "lack of resources on the part of Federal enforcement agencies."  S. Rep.  99-345 at 7.  That was one of the reasons we strengthened the qui tam provisions of the law.  Thus, **we expected some meritorious cases to proceed without the Government's intervention, and we fully expected that the Government and relators would work together in many cases to achieve a just result.**  By dismissing relators based on spurious interpretations of the [FCA], the courts are depriving the Government of these additional resources.  And those resources have been considerable.

*See* 106 Cong. Rec. E1546-E1548 (1999) (statement of Rep. Berman) (emphasis added).

> While I hear where you're coming from and certainly understand your reasoning, FCA cases are a whole different ball game from regular cases – a reality I have learned via handling close to 20 qui tam cases over the past 25 years.

> The motion for summary judgment you are contemplating would be without merit, would run afoul of Rule 11, and would not be in the best interest of anyone – least of all your client.

> . . .

Bartley Decl. ¶ 9, Exh. E.

On March 3, 2017, Defendants filed their Answer and Counterclaim to Relator's *qui tam* Complaint.  (Dkt. 22.)  Relying on the indemnification and hold harmless language pertaining to subrogation liens, ABC and Palyo in their Counterclaim plead:  "This is an action for contractual and equitable indemnity against Deborah Cullen, who previously agreed on September 14, 2016, to indemnify and hold harmless Defendants from any and all losses, liability, damages, causes of action, costs and expenses, including attorney's fees, asserted from any person, government or agency arising from the incidents set forth in the allegations of the Complaint."  (Dkt. 22, ¶ 1.)

**ARGUMENT**

**I.     GENERAL LAW ON AN ANTI-SLAPP MOTION IN U.S. DISTRICT COURT.**

A strategic lawsuit against public participation (SLAPP) is a lawsuit that is intended to censor, intimidate, and silence critics by burdening them with the cost of a legal defense until they abandon their criticism or opposition. The typical SLAPP plaintiff does not normally expect to win the lawsuit; rather, the SLAPP plaintiff's goals are accomplished if the defendant succumbs to fear, intimidation, mounting legal costs, or simple exhaustion, and abandons the criticism.  A SLAPP may also intimidate others from participating in the debate.  As occurred in this case involving Deborah Cullen, a SLAPP often is preceded by a legal threat. In writing of SLAPP lawsuits, New York Supreme Court Judge J. Nicholas Colabella once aptly noted: "Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined."  *Gordon v. Morrone*, 590 N.Y.S.2d 649, 656 (N.Y. Sup. Ct. 1992).

The California anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16(b)(1), provides:

> *A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that there is a probability that the plaintiff will prevail on the claim.*

California's anti-SLAPP statute is designed to discourage suits that "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so (internal quotation marks omitted)."  *Batzel v. Smith*, 333 F.3d 1018, at 1024 (9th Cir.2003).

An excellent summary of the law for a U.S. District Court handling motions to strike under the California anti-SLAPP statute is Magistrate Judge Maria-Elena James' opinion in *United Tactical Systems v. Real Action Paintball*, 143 F.Supp.3d 982, 998-999 (ND Cal 2015). The below recitation of law in this Section I is drawn verbatim from Judge James' opinion:

California's anti-SLAPP statute is available to litigants in federal court.  *In re NCAA Student – Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1272 (9th Cir.2013), *cert. dismissed sub nom.  Elec. Arts Inc. v. Keller,*135 S.Ct. 42, (2014); see also *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir.2003).  While section 425.16 'does not apply to federal law causes

of action," it does apply to 'state law claims that federal courts hear pursuant to their diversity jurisdiction[.]" *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n. 2, 901 (9th Cir.2010).

California Code of Civil Procedure § 425.16 provides a procedure for a court 'to dismiss at an early stage nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." *Sipple v. Found. for Nat'l Progress*, 71 Cal.App.4th 226, 235 (1999) (citation and footnote omitted). This type of nonmeritorious litigation is referred to under the acronym 'SLAPP," or 'Strategic Lawsuit Against Public Participation." *Id.*

The archetypal SLAPP complaint is a 'generally meritless suit[ ] brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Wilcox v. Sup. Ct.*, 27 Cal.App.4th 809, 816 (1994) (disapproved on other grounds) (citation omitted).

Section 425.16 thus 'allows a court to strike any cause of action that arises from the defendant's exercise of his or her constitutionally protected free speech rights or petition for redress of grievances." *Flatley v. Mauro*, 39 Cal.4th 299, 311–12 (2006).

In ruling on a motion to strike brought under Section 425.16, the trial court must engage in a two-step process that involves shifting burdens. *Kearney v. Foley & Lardner LLP*, 590 F.3d 638, 648 (9th Cir.2009). The two steps are:

First, the defendant must make an initial prima facie showing that the plaintiff's challenged cause of action 'arises from" an act in furtherance of the defendant's rights of petition or free speech. *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056, (2006). 'A cause of action 'arising from' [a party's] litigation activity may appropriately be the subject of an [anti-SLAPP motion to strike]." *Id.* (citation omitted). Such activity 'includes communicative conduct such as the filing, funding, and prosecution of a civil action." *Id.* (citation omitted).

Second, '[i]f the court determines that the defendant has met this burden, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the merits." *Kearney*, 590 F.3d at 648 (citation omitted); *Jarrow Formulas, Inc. v. LaMarche,* 31 Cal.4th 728, 733 (2003). "'Reasonable probability' in the anti-SLAPP statute has a specialized

meaning" and 'requires only a 'minimum level of legal sufficiency and triability.'" *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir.2010) (quoting *Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 n. 5 (2000)). 'Indeed, the second step of the anti-SLAPP inquiry is often called the 'minimal merit' prong." *Id.* (citations omitted). ' 'Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Id.* at 599 (quoting *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002)); see also *Navellier v. Sletten*, 29 Cal.4th 82, 93, (2002) (the statute 'subjects to potential dismissal only those actions in which the plaintiff cannot state and substantiate a legally sufficient claim."). '[A] reviewing court 'should grant the motion if, *as a matter of law*, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.'" *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1183 (9th Cir.2013) (Wardlaw, J. and Callahan J. concurring in the denial of rehearing en banc) (emphasis in original) (quoting *Vargas v. City of Salinas*, 46 Cal.4th 1, 20 (2009)). 'Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit – is a SLAPP, subject to being stricken under the statute." *Navellier*, 29 Cal.4th at 89 (emphasis in original).

## II.      DEFENDANTS' COUNTERCLAIM VIOLATES THE ANTI-SLAPP STATUTE.

An application of the above-referenced two-prong test demonstrates clearly that ABC's and Palyo's Counterclaim is a violation of the California anti-SLAPP statute.

### A.      Relator's *Qui Tam* Lawsuit Is Protected Free Speech.

Relator Cullen's action in prosecuting this *qui tam* lawsuit is an act in furtherance of her rights of petition or free speech. *Rusheen, supra,* at 1056.  A relator's pursuit of a *qui tam* action is protected activity.  Both the FCA and the CFCA make abundantly clear a public policy or protecting FCA relators from retaliation. *See* 31 USC §3730(h) and Cal. Gov. C. § 12653.

### B.      Defendants' Counterclaim Has No Probability of Prevailing on the Merits.

Defendants' Counterclaim is premised on two fallacious propositions:  (1) That Cullen is barred by principles of res judicata and collateral estoppel because she settled and released the

FCA and CFCA claims on behalf of the U.S. and the State of California when she signed the Settlement Agreement in her individual wrongful termination case; and (2) that Cullen agreed to indemnify and hold harmless ABC and Palyo from any damages and attorney fees they may suffer in any *qui tam* claim on behalf of the United States and State of California.

In regard to the first proposition, "[r]es judicata applies when there is:  (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted).  The term "collateral estoppel" is defined as the "binding effect of a judgment as to matters actually litigated and determined in one action on later controversies between the parties involving a different claim from that on which the original judgment was based."  (Black's Law Dictionary.)

Collateral estoppel is a form of res judicata, and the terms frequently overlap.

Relator's *qui tam* Complaint is not barred by res judicata or collateral estoppel because there is *no identity of claims* between Cullen's personal employment law case and this *qui tam* case.  Cullen's state court whistleblower retaliation case asserted personal causes of action only, none of which are re-pled in this *qui tam* case.  Further, such case did *not* result in a judicial decision as to whether ABC and Palyo had actually submitted false claims to the U.S. and the State of California in violation of the FCA and the CFCA.  Additionally, there is *no identity or privity between parties* between the state court case and this *qui tam* case, as the U.S. and the State of California were *not* parties to Cullen's state court case.   Even if she had wanted to do so, Cullen could not have settled her *qui tam* claims in her state court case, as only the government may settle a *qui tam* claim. *See* 31 U.S.C. § 3730; Cal.  Gov. C. § 12652.  Finally, Section 1.6 of the final Settlement Agreement in Cullen's state court case makes abundantly clear that the release contained in such Settlement Agreement applies *only* to her individual and personal *whistleblower retaliation* claims under the FCA and the CFCA, and not to any claims by the U.S. or the State of California, or to any Relator's share paid to anyone as a reward:

> 1.6  This release specifically applies to any individual and/or representative claims of **whistleblower retaliation** pursuant to the Federal False Claims Act and the California False Claims Act (31 U.S.C. § 3730(h)) and the California False Claims Act (Cal. Gov. Code § 12653).  This Release **does not** extend to

any claim or action, known or unknown, by the United States or the State of California, or to any reward paid by the United States or the State of California, pursuant to the Federal False Claims Act (31 U.S.C. §§ 3729 et seq.), the California False Claims Act (Cal. Gov. Code §§ 12650 et seq.), or any other federal or state statute or regulation whereby a government entity claims entitlement to recover funds and pays to anyone a reward for such recovery. [Emphasis added.]

Defendants' second proposition, that Cullen's promise, in Section 4.3 of her final Settlement Agreement in her personal case, to indemnify and hold harmless ABC and Palyo as to subrogation claims for medical treatment, workers compensation payments, and the like, extends to picking up the tab of ABC and Palyo for money they misappropriated from the taxpayers pursuant to fraudulent billing practices is so patently frivolous as to merit no further discussion.

Finally, in *United States ex rel. Green v. Northrop Corp.*, 59 F.3d 953 (9th Cir. 1995), the Ninth Circuit ruled that releases in settlement of employee lawsuits do not apply to claims for substantive FCA violations. The court found that waivers of the United States' claims without its assent "would impair impermissibly a substantial public policy."

Where an employment claims release, executed *prior* to the filing of the employee's *qui tam* lawsuit, expressly *includes* a release of *qui tam* claims on behalf of the Government, such can serve to bar the employee from pursuing qui tam claims. See *United States ex rel. Hall v. Teledyne*, 104 F.3d 230 (9th Cir. 1997). However such simply are not the facts presented here, where Cullen's *qui tam* lawsuit was filed before her employment claims lawsuit and where *qui tam* claims are *expressly excluded* from release set forth in the Settlement Agreement.

## III.     THE CALIFORNIA ANTI-SLAPP STATUTE ENTITLES THE PREVAILING MOVING PARTY TO RECOVER ATTORNEY FEES AND COSTS.

If Cullen prevails on her special motion to strike pursuant to the anti-SLAPP statute, she "shall be entitled" to recover her attorney's fees and costs. Cal. Code Civ. P. § 425.26(c)(1).

## CONCLUSION

Relator's motion to strike Defendants' Counterclaim is meritorious and should be granted, together with an award of reasonable attorney fees and costs.

\\\

Dated:  March 23, 2017                    Respectfully submitted,

                                          BARTLEY LAW OFFICES
                                          ATTORNEYS FOR RELATOR
                                          DEBORAH CULLEN

                                          */s/Daniel R. Bartley*
                              By:         _____
                                          Daniel Robert Bartley, Esq.

*United States ex rel. Cullen v. Ass'n of Behavior Consultants,* Case No.15-cv-01188-EDL          -11-

**PROOF OF SERVICE**

I declare I am employed in the County of Santa Clara, State of California, by Bartley Law Offices, 1999 South Bascom Avenue, Suite 700, Campbell, CA 95008-2205. I certify that I am over the age of 18.

I hereby certify that on today's date, I electronically filed the foregoing **"RELATOR DEBORAH CULLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RELATOR'S MOTION TO STRIKE THE CROSS-COMPLAINT OF DEFENDANTS AND CROSS-PLAINTIFFS ASSOCIATION OF BEHAVIOR CONSULTANTS AND WILLIAM J. PALYO, PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE, CALIFORNIA CODE CIV. PROC. § 425.16"** with the Clerk of the United States District Court for the Northern District of California by using the District Court's CM/Dkt. system. I certify that all the counsel listed below are registered CM/Dkt. users and that service will be accomplished by the CM/Dkt. system.

| | |
|---|---|
| Michael L. Levangie, Esq., and<br>Bryan L. Malone, Esq.<br>Levangie Law Group<br>2021 N Street<br>Sacramento, CA 95811<br>Tel 916-448-4849<br>Fax 916-443-4855<br>Bryan.Malone@LLG-Law.com<br>Michael.Levangie@LLG-Law.com | Annie Reding, Assistant U.S. Attorney<br>Office of the United States Attorney<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, CA 94102-3495<br>Tel 415-436-6813<br>Fax 415-436-6748<br>Annie.Reding@usdoj.gov |

Suneeta D. Femandes, Esq.
Deputy Attorney General
Office of the Attorney General of Califomia
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone 415-703-1507
Fax 415-703-1234
Suneeta.Femandes@doj.ca.gov

I declare under penalty of perjury, under the laws of the United States and the State of Califomia, that the foregoing is true and correct and that this declaration was executed on this 23rd day of March, 2017, in the City of Santa Rosa, Sonoma County, California.

*/s/Daniel R. Bartley*

---
Daniel R. Bartley

*United States ex rel. Cullen v. Ass'n of Behavior Consultants,* Case No.15-cv-01188-EDL                -12-