UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATION OF BEHAVIOR CONSULTANTS, et al.,<br><br>Defendants. | Case No. 15-cv-01188-EDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL NEW TRIAL OR TO ALTER OR AMEND THE JUDGMENT**<br><br>Re: Dkt. No. 137 |

On May 9, 2019, the Court granted Defendant's motion for summary judgment (Dkt. No. 133). One June 6, 2019, Plaintiff filed a motion for partial new trial or in the alternative, to alter or amend the judgment set forth in the Court's May 9, 2019 Order. Plaintiff filed her motion on June 6, 2019 (Dkt. No. 137). Defendants opposed the motion. This motion is suitable for decision without a hearing, as it recycles previous arguments that were extensively briefed and argued. The Court has carefully reviewed the parties' papers, considered their arguments, and the relevant legal authority, and good cause appearing, the Court DENIES Plaintiff's motion for reconsideration.

## I.     Procedural History

Plaintiff filed her complaint in this Court on March 12, 2015. On February 5, 2016, the United States of America declined to intervene, and on August 5, 2016, the State of California also declined to intervene. The Court lifted the seal on December 7, 2016 and ordered the complaint to be served on Defendants. On March 3, 2017, Defendants answered the complaint and asserted the following counterclaims against Plaintiff: (1) breach of contract; (2) express indemnity; (3) implied indemnity; (4) contribution; and (5) a request for declaratory relief.

On March 23, 2017, Plaintiff moved to strike Defendants' counterclaim under California's anti-SLAPP statute. On May 18, 2017, the Court denied Plaintiff's motion to strike Defendants'

counterclaim. On June 13, 2017 and June 16, 2017, respectively, Plaintiff filed a motion for relief from the order denying Relator's motion to strike Defendants' counterclaim and a motion to dismiss Defendants' counterclaim. The Court denied both motions in an order dated September 1, 2017. Plaintiff also moved for Rule 11 sanctions against Defendants on the grounds that their counterclaims were frivolous. The Court denied that motion on September 11, 2017.

On May 9, 2019, the Court granted Defendant's motion for summary judgment (Dkt. No. 133). Plaintiff contends that the Court erred in at least four ways in its Order.

## II. Legal Authority

Local Rule 7-9 governs motions for leave to file motions for reconsideration. Subsections (a) and (b) of the Rule states:

> (a) **Leave of Court Requirement**. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> (b) **Form and Content of Motion for Leave**. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
>> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>>
>> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>>
>> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(a)-(b). Local Rule 7-9 further provides that motions for reconsideration may not repeat any argument made in support or opposition to the motion for which reconsideration is sought, and that "[a]ny party who violates this restriction shall be subject to appropriate

sanctions." Id. at 7-9(c).

A district court has the discretion to reconsider its prior orders. See Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F. 3d 1255, 1263 (9th Cir. 1993). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is reconsideration to "be used to ask the Court to rethink what it has already thought." Cty. of Santa Clara v. Trump, 267 F. Supp. 3d 1201, 1209 (N.D. Cal. 2017), appeal dismissed as moot sub nom. City & Cty. of San Francisco v. Trump, No. 17-16886, 2018 WL 1401847 (9th Cir. Jan. 4, 2018) (quoting Garcia v. City of Napa, No. C-13-03886-EDL, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014)). It "is not a 'substitute for appeal or a means of attacking some perceived error of the court.'" Id. (quoting Washington v. Sandoval, C–10–0250–LHK, 2011 WL 2039687, at *1 (N.D. Cal. May 24, 2011)).

Under Federal Rule 59(e), a party may move to alter or amend a judgment no later than twenty-eight days after the entry of judgment. The court may grant a Rule 59(e) motion if the moving party establishes that the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based." Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999)) (internal quotations omitted). Under Rule 60(b)(2), a party may move for relief from the judgment on this ground within a year of the entry of the judgment. The same standard applies for establishing this ground for relief, whether the motion is under Rule 59 or 60(b)(2)." Wright & Miller: Federal Prac. & Proc. § 2808 (R 59), Newly Discovered Evidence (1995)(footnotes omitted.); Ursini v. Menninger Foundation, 384 F.Supp. 158 (E.D.Cal.1974).

### III. Discussion

As an initial matter, Plaintiff's motion violates Local Rule 7-9(a) because Plaintiff never obtained leave of this Court to file her motion. The Court could deny Plaintiff's motion on these

3

grounds alone. Notwithstanding, the Court has reviewed and carefully considered the parties' submissions related to Plaintiff's motion. Plaintiff moves the Court to reconsider its Order granting Defendant's motion for summary judgment due to "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil Local R. 7-9(b)(3); Turner, 338 F.3d at 1063 (9th Cir. 2003). Plaintiff's motion and reply papers repeat the facts and arguments that Plaintiff made in her opposition to Defendant's motion for summary judgment. Indeed, Plaintiff acknowledges this violation in her motion. See, e.g., Dkt. No. 137 at 2 ("Relator's brief in opposition to Defendant's summary [] motion as to the *qui tam* claims contains the following arguments addressing the arguments raised in Defendants' brief. . . ."). In so doing, Plaintiff's motion also violates Civil L.R. 7-9(c).

Plaintiff's misapprehension of the Court's May 9, 2019 Order forms the foundation of her motion. Specifically, Plaintiff misreads the Court's Order with respect to the following items: (1) whether the Court reviewed and considered Plaintiff's Opposition to Defendants' motion for summary judgment; (2) whether the Court erred in finding that Plaintiff had not met her burden in satisfying the four elements of a False Claim Act claims; (3) whether the Court erred by using the phrase "not all" when describing the evidence Plaintiff submitted with her Opposition; and (4) whether the Court erred by determining that Plaintiff had not set forth specific facts showing that there is a genuine issue for trial on her *qui tam* claims.

Plaintiff's misunderstanding of or disagreement with the Court's May 9, 2019 Order is not grounds to reconsider it or to alter or amend the judgment. See Civil L. R. 7-9 (b); Fed. R. Civ. P. 59(d); Fed. R. Civ. P. 60(b). The Order is replete with citations to Plaintiff's opposition and supporting papers (Dkt. No. 133 at 15-22). The Order goes through detailed analysis of the four required elements of False Claim Act claims and the evidence submitted by Plaintiff. The Court did not err when it found that Plaintiff did not meet her burden to satisfy the necessary elements to state a claim under the False Claims Act. The Court also did not err nor alter the summary judgment standard by using the phrase "not all" when referring to its review and consideration of the material submitted by Plaintiff. The Court did not intend to suggest that all of the evidence

submitted by Plaintiff must as a matter of law support Defendant's alleged wrongdoing. Plaintiff's arguments regarding the use of the phrase "not all" take that phrase out of context and fail to consider the very next sentence of the Order which explains why her evidence is insufficient to raise a triable issue of fact. Placing the phrase "not all" into proper context, the Court did not alter Plaintiff's burden to survive a motion for summary judgment, and therefore did not commit an error. Finally, the Court did not err in finding that Plaintiff had not set forth specific facts showing that there is a genuine issue for trial on her *qui tam* claims.

Plaintiff's motion has failed to establish that there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil Local R. 7-9(b)(3); Turner, 338 F.3d at 1063 (9th Cir. 2003). Therefore, the Court denies her motion.

### IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: July 18, 2019

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge