UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | Case No. 15-cv-01188-JCS |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR VOLUNTARY DISMISSAL OF COUNTERCLAIM AND DENYING RELATOR'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| ASSOCIATION OF BEHAVIOR CONSULTANTS, et al., | |
| Defendants. | Re: Dkt. Nos. 157, 164 |

Before the Court is Defendants Association of Behavior Consultants' ("ABC") and William J. Palyo's ("Palyo" and together, "Defendants") motion for voluntary dismissal of their counterclaim in this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and Relator Deborah Cullen's ("Relator") amended motion for attorneys' fees.  Having reviewed the parties' submissions, the Court concludes that these matters are suitable for decision without a hearing.  The Court GRANTS Defendants' motion for voluntary dismissal and DENIES Relator's amended motion for attorneys' fees.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Relator filed her complaint in this False Claims Act case on March 12, 2015 (the "Federal Complaint").  Several days later, Relator filed a separate complaint against Defendants in the Superior Court of California, County of Sonoma, Case No. SCV-256863 alleging: (1) wrongful termination in violation of public policy; (2) whistleblower retaliation in violation of Cal. Lab. Code § 1102.5; (3) whistleblower retaliation in violation of Cal. Gov't Code § 12653; and (4) failure to pay wages owed in violation of California Lab. Code §§ 201 and 203 (the "State Complaint").  On February 5, 2016, the United States of America declined to intervene, and on August 5, 2016, the State of California also declined to intervene in this action.

United States District Court
Northern District of California

1    On or about March 4, 2016, the parties entered into a settlement agreement that partially

2    resolved Relator's State Complaint (the "First Settlement Agreement").  On September 14, 2016,

3    the parties entered into another settlement that fully settled the remaining disputes that gave rise to

4    the State Complaint (the "Second Settlement Agreement").  Dkt. No. 99-1, Declaration of Bryan

5    L. Malone in support of Defendants' Motion for Summary Judgment, Ex. C.  The Second

6    Settlement Agreement contained a full release of claims Relator had or would have in the future

7    against Defendants that "in any way gr[ew] out of events . . . identified in [the State Complaint]."

8    Id., § 1.1.  Relator "expressly waive[d] all rights she has, or may have, under Section 1542 of the

9    Civil Code of California . . . "  Id., § 1.5.  The Second Settlement Agreement expressly applied to

10   "any individual and/or representative claims of whistleblower retaliation pursuant to the Federal

11   False Claims Act (31 U.S.C. §§ [sic] 3730(h) and the California False Claims Act (Cal. Gov. Code

12   § 12653)."  Id., § 1.6.  The release did "not extend to any claim or action, known or unknown, by

13   the United States or the State of California, or to any reward paid by the United States or the State

14   of California, pursuant to the Federal False Claims Act (31 U.S.C. §§ 3729 et seq.), the California

15   False Claims Act (Cal. Gov. Code §§ [sic] 12650), or any other federal or state statute or

16   regulation whereby a government entity claims entitlement to recover funds and pays to anyone a

17   reward for such recovery."  Id.  The Second Settlement Agreement contained an indemnification

18   provision whereby

> [P]laintiff agrees to defend, indemnify, protect and hold the released
> parties harmless from any and all liens, rights of subrogation,
> indemnification claims, contribution claims, defense claims, losses,
> liability, actions, damages, causes of action, judgments, costs and
> expenses, including attorney's fees, whatsoever made by or sustained
> by or arising from any person, corporation, partnership, state or
> federal government, governmental agency, hospital, or any other
> medical provider, health care provider, disability or insurance
> benefits provider, workers compensation carrier, Medicare,
> Medicaid, Medi-Cal or any other entity arising in whole or in part out
> of the incident(s), or in any way connected to the allegations in this
> action.

25   Id., § 4.3.  After the parties entered into the Second Settlement Agreement, Relator requested

26   dismissal with prejudice of the state court case, which the clerk of court entered on November 7,

27   2016.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      The Court lifted the seal on December 7, 2016 and ordered Relator to serve the Federal Complaint on Defendants.  On March 3, 2017, Defendants answered the Federal Complaint and asserted the following counterclaims against Relator: (1) breach of contract; (2) express indemnity; (3) implied indemnity; (4) contribution; and (5) a request for declaratory relief. Defendants' counterclaim is based upon the previously-executed settlement agreement. Defendants argued that the release provision contained in the Second Settlement Agreement applies to individual and/or representative claims of whistleblower retaliation pursuant to the Federal False Claims Act (31 U.S.C.§§3730(h)) and the California False Claims Act (California Government Code § 12653).  In addition, Defendants argued that Relator agreed to indemnify and hold harmless Defendants from any and all losses, liability, damages, causes of action, costs and expenses, including attorney's fees, asserted from any person, government or agency arising out of the incidents set forth in the allegations of the Federal Complaint.

      On March 23, 2017, Relator moved to strike Defendants' counterclaim under California's anti-SLAPP statute.  On May 18, 2017, the Court denied Relator's motion to strike Defendants' counterclaim.  On June 13, 2017 and June 16, 2017, respectively, Relator filed a motion for relief from the order denying Relator's motion to strike Defendants' counterclaim and a motion to dismiss Defendants' counterclaim.  The Court denied both motions in an order dated September 1, 2017.  Relator also filed a motion for summary judgment on Defendants' counterclaim on August 1, 2017 but Relator later withdrew her motion for summary judgment on August 29, 2017.  Dkt. No. 83.  Relator moved for Rule 11 sanctions against Defendants on the grounds that their counterclaims were frivolous.  The Court denied that motion on September 11, 2017.

      On May 9, 2019, the Court granted Defendants' motion for summary judgment on the Federal Complaint but denied Defendants' motion for summary judgment on the counterclaim. The Court recognized that the parties dispute the meaning of the release and indemnification provisions of the Second Settlement Agreement.  Dkt. No. 133 at 25-30.  The Court denied summary judgment on the interpretation of the provisions, finding that Relator had raised, at a minimum, a real dispute over how to properly interpret these provisions of the Second Settlement Agreement, if not made the stronger argument.  Dkt. No. 133 at 30.  However, because Relator did

1   not move for summary judgment on the counterclaim, the Court could only deny Defendants'

2   motion.

3          On June 6, 2019, Relator filed a motion for partial new trial or in the alternative, to alter or

4   amend the judgment set forth in the Court's May 9, 2019 Order.  On July 18, 2019, the Court

5   denied Relator's motion for partial new trial or in the alternative, to alter or amend the judgment

6   set forth in the Court's May 9, 2019 Order.  As a result of the Court's order, Defendants'

7   counterclaim is the only remaining claim in this action.

8          On November 19, 2019, Defendants filed a motion for voluntary dismissal of their

9   counterclaim without prejudice.  On December 9, 2019, Relator filed an amended motion for

10  attorneys' fees incident to the dismissal of the counterclaim.

11  **II.     LEGAL STANDARD**

12         **A.     Legal Standard**

13         Pursuant to Federal Rule of Civil Procedure 41(a)(2), a plaintiff may dismiss an action,

14  pursuant to an order of the court, and subject to any terms the court deems proper.  Fed. R. Civ. P.

15  41(a)(2).  This rule also applies to a counterclaim.  Fed. R. Civ. P. 41(c).  The decision to grant a

16  voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the district court.

17  Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).  "When ruling on a

18  motion to dismiss without prejudice, the district court must determine whether the defendant will

19  suffer some plain legal prejudice as a result of the dismissal."  Id.  "Legal prejudice" is "prejudice

20  to some legal interest, some legal claim, some legal argument."  Id. at 97.

21  **III.    DISCUSSION**

22         Defendants are willing to dismiss their remaining counterclaim because the Court granted

23  summary judgment against the Federal Complaint but Relator will not stipulate to the dismissal.

24  In her opposition, Relator agrees that Defendants' motion for voluntary dismissal should be

25  granted but "not without the appropriate consequences."  Dkt. No. 159 at 19.  Relator argues that

26  her motion for summary judgment as to Defendants' counterclaim was meritorious, should be

27  revisited, and granted.  Id. at 19-20.  Relator further argues that the Court should award her costs

28  and reasonable attorneys' fees and filed a separate motion for attorneys' fees.  Id.; Dkt. No. 161.

United States District Court
Northern District of California

1   Although not raised in her opposition, Relator argues in her motion for attorneys' fees that the

2   dismissal should be with prejudice.  Dkt. No.161 at 20.  Therefore, the parties do not dispute

3   whether the counterclaim should be dismissed but merely what terms, if any, the Court should

4   impose.

5          **A.    Dismissal with or without prejudice**

6          Rule 41(a)(2) provides that, unless otherwise specified in the court's order, the dismissal is

7   without prejudice.  Whether a dismissal is to be with or without prejudice is discretionary with the

8   court.  See Microhits, Inc. v. Deep Dish Prods., Inc., 510 F. App'x 611, 612 (9th Cir. 2013);

9   Burnette v. Godshall, 828 F.Supp. 1439, 1443 (N.D.Cal.1993), aff'd sub nom., Burnette v.

10  Lockheed Missiles & Space Co., 72 F.3d 766 (9th Cir.1995).  Dismissal with prejudice may be

11  appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile

12  the action." Williams v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 539–40 (N.D. Cal. 2005)

13  (quoting Burnette, 828 F.Supp. at 1443).  Factors that may be considered in determining whether a

14  dismissal should be with or without prejudice include: "(1) the defendant's effort and expense in

15  preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in

16  prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." Williams

17  v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 540 (N.D. Cal. 2005) (quoting Burnette, 828 F.Supp.

18  at 1443-44(internal quotation marks omitted)).

19         In Relator's opposition, she argues that Defendants' counterclaim is retaliatory and

20  frivolous, and requests the Court revisit various motions, including her withdrawn motion for

21  summary judgment.  Dkt. No. 159 at 19-20.  Relator's request is in essence a motion for

22  reconsideration in violation of Civil Local Rule 7-9(c).  Relator's opposition and motion for

23  attorneys' fees recycles arguments the Court has addressed three or four times prior.[1]  The Court

24  declines to disturb its previous rulings.  Ariz. v. Cal., 460 U.S. 605, 618 (2014).  Further, the Court

25  declines to revisit the motion for summary judgment Relator previously withdrew.  Relator had the

26

27  _____

28  [1] Relator has previously raised the arguments contained in her opposition to Defendants' motion for voluntary dismissal and in her motion for attorneys' fees in Relator's motion to strike, motion for relief from order, motion to dismiss, motion for Rule 11 sanctions, and/or opposition to Defendants' motion for summary judgment on the counterclaim.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   opportunity to refile her motion for summary judgment but did not do so.  The Court finds

2   Relator's arguments are unpersuasive.

3        The Court then considers the factors outlined in <u>Williams</u>.  Relator failed to address any of

4   these factors in her opposition.  Here, discovery is closed, and the Court has ruled on motions for

5   summary judgment.  Relator likely spent effort and expense opposing Defendants' summary

6   judgment motions.  However, the parties and their counsel never engaged in joint preparation of

7   documents or discussions for trial preparation or pre-trial hearing purposes.  There is no evidence

8   that Defendants acted with excessive delay and lack of diligence in prosecuting their counterclaim.

9   Defendants filed a motion for summary judgment on their counterclaim even though Relator failed

10  to refile her withdrawn motion.  After the Court denied Relator's motion for a new trial, the parties

11  engaged in settlement discussions and conducted follow-up calls with Magistrate Judge Hixson.

12  Dkt. No. 157-2, Declaration of Bryan L. Malone in support of motion for voluntary dismissal of

13  counterclaim, ¶¶ 16,18.  Defendants' motion reasonably followed such discussions after Relator

14  would not stipulate to a voluntary dismissal of the counterclaim.  Defendants' explanation

15  regarding the need for a dismissal is likewise reasonable.  Defendants state that their counterclaim

16  is the chief substantive affirmative defense to Relator's Federal Complaint but with summary

17  judgment having been granted against the Federal Complaint, prosecution of the counterclaim is

18  not necessary.  <u>Id.</u> at ¶ 19.  Thus, the Court GRANTS Defendants' motion for voluntary dismissal

19  without prejudice.

20       **B.    Attorneys' Fees and Costs**

21       A Court may condition a voluntary dismissal on the payment of fees and costs.

22  <u>Stevedoring Servs. of Am. v. Armilla Int'l B.V.</u>, 889 F.2d 919, 921 (9th Cir. 1989).  However, it is

23  not an abuse of discretion for a court to refuse to require a party pay costs and attorneys' fees as a

24  condition precedent to an order granting voluntary dismissal without prejudice.  <u>Id.</u>  "In

25  determining whether to award costs ... to [a] defendant[ ] after a voluntary dismissal without

26  prejudice, courts generally consider the following factors: (1) any excessive and duplicative

27  expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for

28  trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in

1   moving to dismiss." Williams v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 540 (N.D. Cal. April

2   28, 2005) (quoting 8 James Wm. Moore et al., Moore's Federal Practice § 41.40[10][d][I] (3d ed.

3   1999)).  The merits of the plaintiff's case are also relevant.  Id.  When awarding fees or costs, only

4   those fees or costs incurred for the preparation of work product rendered useless by the dismissal

5   should be awarded as a condition of the voluntary dismissal.  Koch v. Hankins, 8 F.3d 650, 652

6   (9th Cir. 1993).  Furthermore, Rule 41(a)(2) does not provides an independent base of authority

7   for sanctioning lawyers.  Heckethorn v. Sunan Corp., 992 F.2d 240, 242 (9th Cir. 1993).

8         In her opposition to the motion for voluntary dismissal of the counterclaim, Relator argues

9   that she should be awarded her attorneys' fees of more than $150,000.  Dkt. No. 159 at 1.  Relator

10  filed a separate motion for attorneys' fees, which is essentially a copy and paste of her opposition,

11  arguing that the Court should award her attorneys' fees pursuant to Fed. R. Civ. P. Rule 11(c), Cal.

12  Code Civ. P. § 425.16(c)(1) (the California Anti-SLAPP statute), and the Court's inherent power.

13        Relator's arguments that she should be awarded attorneys' fees pursuant to Fed. R. Civ. P.

14  Rule 11(c), and Cal. Code Civ. P. § 425.16(c)(1) (the California Anti-SLAPP statute) are

15  unpersuasive.  As discussed above, the Court previously denied Relator's motion to strike

16  Defendants' counterclaim under California's anti-SLAPP statute, Relator's motion for relief from

17  the order denying Relator's motion to strike Defendants' counterclaim, and Relator's motion for

18  Rule 11 sanctions against Defendants on the grounds that their counterclaims were frivolous.

19  Relator attempted to resurrect her previously denied motions in her opposition to Defendants'

20  motion for summary judgment on the counterclaim and the Court declined to revisit its previous

21  ruling.  Dkt. No. 133 at 22-25.  The Court likewise declines to revisit its previous ruling and finds

22  that Relator is not entitled to an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. Rule

23  11(c) or Cal. Code Civ. P. § 425.16(c)(1).

24        Relator also argues that the Court should award her fees and costs pursuant to the Court's

25  inherent power, because courts have inherent power to assess attorney fees against a party who has

26  acted "in bad faith, vexatiously, wantonly, or for oppressive reasons."  Alyeska Pipeline Service

27  Co. v. Wilderness Soc., 421 US 240, 258-259 (1975).  However, in Alyeska, the court specifically

28  discusses it may assess attorneys' fees "when the losing party has 'acted in bad faith, vexatiously,

United States District Court
Northern District of California

7

1    wantonly, or for oppressive reasons." _Alyeska Pipeline Service Co. v. Wilderness Soc._, 421 US

2    240, 258-259 (1975) (emphasis added).  Here, Defendants' motion for summary judgment on the

3    Federal Complaint was successful and Relator is not a prevailing party as to the counterclaim

4    because Defendants seek a voluntary dismissal of the counterclaim.  Further, Defendants did not

5    act in bad faith, vexatiously, wantonly, or for oppressive reasons.  In its previous order, the Court

6    found that there was a triable issue on the scope of the provisions in the Second Settlement

7    Agreement.  Dkt. No. 133 at 28-31.

8            Although Relator's arguments are unpersuasive, the Court may still condition a dismissal

9    without prejudice on a payment of costs and fees.  However, as an initial matter, Relator's motion

10   for attorneys' fees is not compliant with Local Rule 54-5(b) because her motion is not supported

11   by any declaration or affidavit.  Civil L.R. 54-5(b).  The moving papers do not contain a statement

12   of the services rendered by each person for whose services fees are claimed together with a

13   summary of the time spent by each person, and a statement describing the manner in which time

14   records were maintained.  Id.  The moving papers further lack a brief description of relevant

15   qualifications and experience and a statement of the customary hourly charges of each such person

16   or of comparable prevailing hourly rates or other indication of value of the services.  Id.  Relator

17   has failed to provide any information to allow the Court to determine the reasonableness of her

18   request, the excessive and duplicative expense of a second litigation, the effort and expenses

19   incurred in preparing for trial, and whether the fees and costs requested were incurred for the

20   preparation of work product rendered useless.  In addition, there has been no demonstration that

21   Defendants' case is entirely without merit, and no provision by the statute or contractual provision

22   entitles Relator to fees.  Santa Rosa Mem'l Hosp. v. Kent, 688 F. App'x 492, 494 (9th Cir. 2017).

23   Accordingly, the Court DENIES Relator's amended motion for attorneys' fees and costs.

24   ///

25   ///

26   ///

27   ///

28   ///

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## IV.    CONCLUSION

The Court GRANTS Defendants' motion for voluntary dismissal and DENIES Relator's amended motion for attorneys' fees.  The counterclaim is dismissed without prejudice.  Each side shall bear its own costs and fees.  The Court hereby vacates the motion hearing date currently set for January 10, 2020.  The Clerk of Court is directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: January 2, 2020

_____
JOSEPH C. SPERO
United States Magistrate Judge